

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00390-CV

———————————————————

IN THE INTEREST OF C.T., C.T., K.T., K.T., K.T., K.T., AND K.L.,
CHILDREN

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-587992-15

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

Appellant A.T. appeals from the district court's order appointing her possessory conservator of her children, C.T., C.T., K.T., K.T., K.T., K.T., and K.L.; appointing A.T.'s mother, T.L., permanent managing conservator of K.T., K.T., K.T., and K.L.; and appointing A.T.'s sister, D.L., permanent managing conservator of C.T., C.T., and K.T.[1] A.T.'s court-appointed appellate counsel has filed an *Anders* brief, concluding that the appeal is frivolous and without merit, and has filed a motion to withdraw. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the . . . defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals").[2]

The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See id.*, 87 S. Ct. at 1400; *Taylor v. Tex. Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied). A.T.'s counsel

---

[1]We use aliases to refer to the children and their family members. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]Although the Department of Family and Protective Services ultimately did not seek termination of A.T.'s parental rights, the Department's original petition sought that relief in the alternative to reunification, and the trial court appointed counsel to represent A.T. After trial, the trial court found that A.T. remained entitled to a court-appointed attorney on appeal and appointed appellate counsel.

has certified to this court that he provided A.T. with a copy of the *Anders* brief and informed her of her right to examine the appellate record and to file a pro se brief. A.T. declined to file a response. The Department notified us that it would not file a brief.

Upon receiving an *Anders* brief, we must conduct an independent examination of the record to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350 (1988); *Taylor*, 160 S.W.3d at 647. We have reviewed the entire record, including the *Anders* brief submitted on A.T.'s behalf. Our review of the record assures us that any issue that A.T. might raise would be frivolous. Accordingly, we affirm the trial court's order.

**Motion to Withdraw**

The Texas Supreme Court has determined that we must deny counsel's motion to withdraw in this parental rights termination case because a parent's statutory right to counsel in suits seeking termination of parental rights extends to all proceedings in the Texas Supreme Court, including the filing of a petition for review, and counsel's "belief" that the appeal is frivolous does not constitute "good cause" for withdrawal. *P.M.*, 520 S.W.3d at 27–28; *see* Tex. Fam. Code Ann. § 107.016(2) (stating that in a suit by a governmental entity seeking the termination of parental rights, an attorney appointed to serve as an attorney ad litem for a parent or alleged father continues to serve in that capacity until the suit is dismissed, the date all appeals from the termination order are exhausted, or the date the attorney is relieved of his duties or

3

replaced by another attorney after a finding of good cause is rendered by the court). Accordingly, we must deny counsel's motion to withdraw. *See P.M.*, 520 S.W.3d at 27–28. In the event A.T. advises appointed counsel that she wishes to challenge our decision by filing a petition for review, "counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* Counsel's motion to withdraw is denied.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: April 7, 2021